UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAVID FRYE, TRUSTEE,

INDIANA LABORERS WELFARE FUND,

INDIANA LABORERS PENSION FUND,

INDIANA LABORERS TRAINING FUND, and

INDIANA LABORERS DEFINED CONTRIBUTION TRUST FUND,

Plaintiffs,

v.

RODNEY BARBER D/B/A BARBER CONTRACTING, and BARBER CONTRACTING INC.

Defendants.

CAUSE NO.: 1:18-cv-2839

**COMPLAINT**

Come now the Plaintiffs, by their attorney, and for a cause of action against the Defendants allege and show to the court as follows.

**Introduction**

1. This Court has jurisdiction based upon Section 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1132); and Section 209(a) and (b) of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1059(a) and (b)); arising from the Defendants' violation and continued refusal to comply with collective bargaining agreements, Trust Plans and Trust Agreements.

2. Plaintiff's Indiana Laborers Welfare, Pension, Training, and Defined Contribution Trust Funds (hereinafter "Funds"), are employee benefit plans, within the meaning of Sections 3(1)(2)(3)(21) and 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. § 1002(1)(2)(3)(21) and 1132). The Funds maintain their office and principal place of business in Terre Haute, Indiana.

3. David Frye, a Trustee of the aforementioned Funds, is a fiduciary within the meaning of Section 3(21) of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1002) and brings this action on behalf of the participants and Trustees of the Plaintiff Funds. David Frye is a resident of Indianapolis, Indiana.

4. Defendant Rodney Barber, doing business as Barber Contracting (hereinafter "Barber Contracting") is a sole proprietorship with an office and place of business in Muncie, Indiana.

5. Defendant Barber Contracting Inc. is an Indiana company with an office and place of business in Muncie, Indiana.

6. Rodney Barber is the sole proprietor of Defendant Barber Contracting and the president of Defendant Barber Contracting Inc. Barber utilizes Defendant Barber Contracting for his building-related work and Defendant Barber Contracting Inc. for his highway-related work.

**Count I – Barber Contracting**

7. Plaintiffs hereby incorporate by reference all allegations in paragraphs one (1) through six (6).

8. Defendant Barber Contracting is an employer and party in interest in industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of the

Employee Retirement Income Security Act of 1974, (29 U.S.C. §1002(5)(11)(12) and (14) and §1059).

9. Defendant Barber Contracting is a party to and has agreed to abide by the terms of collective bargaining agreements between itself and LIUNA, State of Indiana District Council.

10. Through executed agreements, Defendant Barber Contracting agreed to make contributions to the Funds on behalf of its employees. A true and accurate copy of the Acceptance of Working Agreement signed by Defendant Barber Contracting is attached hereto as Exhibit A. Relevant portions of the collective bargaining agreement are attached hereto as Exhibit B.

11. Defendant Barber Contracting has failed to make timely contributions to Plaintiff Funds for and on behalf of its employees, and has failed to perform its obligations under the terms and conditions of the collective bargaining agreements and Trust Agreements of the Funds, and are additionally in violation of Section 515 of the Employee Retirement Income Security Act of 1974, as amended.

12. Despite demands that Defendant Barber Contracting perform its contractual obligations, Defendants has failed, neglected, omitted and refused to make those payments.

13. Against the Defendant's refusal to comply with the terms and conditions of its collective bargaining agreement with the Funds, the Plaintiffs have no adequate remedy at law, and unless the Defendant is mandatorily compelled to comply with its written obligations, the Plaintiffs will suffer irreparable harm.

14. Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to payment of the delinquent contributions, liquidated damages, and

interest, as provided in Section 502(g)(2) (29 U.S.C. §1132(g)(2)) of the Employee Retirement Income Security Act of 1974.

15. Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to their attorney fees incurred in bringing this action against Defendant Barber Contracting.

**Count II – Barber Contracting Inc.**

16. Plaintiffs hereby incorporate by reference all allegations in paragraphs one (1) through fifteen (15).

17. Defendant Barber Contracting Inc. is an employer and party in interest in industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1002(5)(11)(12) and (14) and §1059).

18. Defendant Barber Contracting Inc. is a party to and has agreed to abide by the terms of collective bargaining agreements between itself and LIUNA, State of Indiana District Council.

19. Through executed agreements, Defendant Barber Contracting Inc. agreed to make contributions to the Funds on behalf of its employees. A true and accurate copy of the Acceptance of Working Agreement signed by Defendant Barber Contracting Inc. is attached hereto as Exhibit C. Relevant portions of the collective bargaining agreement are attached hereto as Exhibit D.

20. Defendant Barber Contracting Inc. has failed to make timely contributions to Plaintiff Funds for and on behalf of its employees, and has failed to perform its obligations under

the terms and conditions of the collective bargaining agreements and Trust Agreements of the Funds, and are additionally in violation of Section 515 of the Employee Retirement Income Security Act of 1974, as amended.

21. Despite demands that Defendant Barber Contracting Inc. perform its contractual obligations, Defendants has failed, neglected, omitted and refused to make those payments.

22. Against the Defendant's refusal to comply with the terms and conditions of its collective bargaining agreement with the Funds, the Plaintiffs have no adequate remedy at law, and unless the Defendant is mandatorily compelled to comply with its written obligations, the Plaintiffs will suffer irreparable harm.

23. Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to payment of the delinquent contributions, liquidated damages, and interest, as provided in Section 502(g)(2) (29 U.S.C. §1132(g)(2)) of the Employee Retirement Income Security Act of 1974.

24. Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to their attorney fees incurred in bringing this action against Defendant Barber Contracting Inc.

WHEREFORE, Plaintiffs demand the following relief:

1. A judgment on behalf of Plaintiffs in the amount of each Defendant's delinquencies to said Funds, plus liquidated damages and interest assessments, reasonable attorneys' fees and costs of this action, all as provided in 29 U.S.C. §1132(g)(2).

2. That the Court retain jurisdiction of this cause pending compliance with its Orders.

3. For such other, further, or different relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ Neil E. Gath
Neil E. Gath, Attorney No. 11193-49
*Counsel for the Plaintiffs*

GATH LAW OFFICE
P.O. Box 44042
Indianapolis, IN 46244
Telephone: (317) 489-5715
Facsimile: (317) 602-2180
ngath@gathlaw.com